

| Debtor: Jeanette Reynolds Santos | Case No.: **09-01454** |
|---|---|
| Joint Debtor: | Chapter 7 |

## REAFFIRMATION AGREEMENT COVER SHEET

*[Use this form to provide the statement of total income and expenses required by Fed. R. Bankr. P. 4008(b) (12/1/2008).]*
This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

| | | |
|---|---|---|
| 1. | Creditor's Name: HFS Federal Credit Union | |
| 2. | Amount of the debt subject to this reaffirmation agreement: | $ _____ 15,781.38 _____ on the date of bankruptcy<br>$ _____ 15,781.38 _____ to be paid under reaffirmation agreement |
| 3. | Annual percentage rate of interest: | _7.0_ % prior to bankruptcy<br>_7.0_ % under reaffirmation agreement<br>( _x_ Fixed Rate _____ Adjustable Rate) |
| 4. | Repayment terms (if fixed rate): $ _____ 471.30 _____ per month for _____ 36 _____ months **plus 1 payment of $7.59 due July 20, 2012.** | |
| 5. | Collateral, if any, securing the debt: Current market value: $ _unknown_<br>Description: 2006 Suzuki Grand Vitara; VIN JS3TD944064102419 | |
| 6. | Does the creditor assert that the debt is nondischargeable? _____ Yes _✓_ No<br>(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.) | |

| **Debtor's Schedule I & J Entries** | | **Debtor's Income and Expenses as Stated on Reaffirmation Agreement** | |
|---|---|---|---|
| 7A. | Total monthly income from Schedule I, line 16 $ 939.00 | 7B. | Monthly income from all sources after payroll deductions $ 939.00 |
| 8A. | Total monthly expenses from Schedule J, line 18 $ 7,225.00 | 8B. | Monthly expenses $ 7,225.00 |
| 9A. | Total monthly payments on reaffirmed debts not listed on Schedule J ⟨$ 6,286.00⟩ | 9B. | Total monthly payments on reaffirmed debts not included in monthly expenses $ _____ |
| | | 10B. | Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) ⟨$ 6,286.00⟩ |

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

/s/_____
Signature of Debtor
(only required If Line 11 or 12 is completed)

/s/_____
Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed)

<u>Other Information</u>

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    <u>X</u> Yes        _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    <u>X</u> Yes        _____ No

## FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

/s/ _____
Signature

<u>Miranda Tsai, Atty for HFS Federal Credit Union</u>
Print/Type Name and Signer's Relation to Case

| Debtor(s): **Jeanette Reynolds Santos** | Case No.: **09-01454** |
|---|---|
| | Chapter  **7** |

| Creditor Name and Address: | Account No. (last 4 digits only) or |
|---|---|
| **HFS Federal Credit Union** **632 Kinoole Street** **Hilo, HI 96720** | Description of Collateral: **2006 Suzuki Grand Vitara** |

| Did an attorney represent the Debtor(s) in negotiating this agreement? ☑ Yes    ☐ No | Date agreement made: **07-23-2009** | ☐ **Presumption of Undue Hardship** ☐ **No Presumption of Undue Hardship** (Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement) |
|---|---|---|

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A:  Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)

☑ Part B:  Reaffirmation Agreement

☑ Part C:  Certification by Debtor's Attorney

☑ Part D:  Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E:  Motion for Court Approval

*Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.*

### Name of Creditor: _____ **HFS Federal Credit Union** _____

☑ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A:  DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.    **DISCLOSURE STATEMENT**

   ***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:            $_____ 15,781.38 _____

***The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure.  Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure.  Consult your credit agreement.***

# ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*— And/Or —*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.
If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

| $ | @ | % |
|---|---|---|
| $ | @ | % |
| $ | @ | % |

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: ___7.00___ %.

*— And/Or —*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____ %.
If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

| $ | @ | % |
|---|---|---|
| $ | @ | % |
| $ | @ | % |

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2006 Suzuki Grand Vitara; VIN JS3TD944064102419 | $27,564.61 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

## Repayment Schedule:

Your first payment in the amount of $___471.30___ is due on _____July 20, 2009_____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*— Or —*

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

## Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

# PART B: REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1.  Brief description of credit agreement:

    Credit Sale Contract dated June 5, 2006

2.  Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S)

Borrower:                                                Co-borrower, if also reaffirming these debts:

Jeanette R. Santos
_____               _____
(Print Name)                                            (Print Name)

_____               _____
(Signature)                                             (Signature)

JUL 2 0 2009

Date: _____               Date: _____

Accepted by creditor:

HFS Federal Credit Union
_____
(Printed Name of Creditor)

c/o P. O. Box 131, Honolulu, HI 96810
_____
(Address of Creditor)

_____
(Signature)

Miranda Tsai/Atty for HFS FCU
_____
(Printed Name and Title of Individual
Signing for Creditor)

Date of creditor acceptance: __July 23, 2009_____

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*[To be filed only if the attorney represented the debtor in negotiating the reaffirmation agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Stuart H. Oda, Esq.

Signature of Debtor's Attorney: X _____

Date: JUL 2 0 2005 _____

# PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1.  I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt.

    I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

2.  I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:    X _____    Date: _____
                  (Debtor)

           X _____
                  (Joint Debtor, if any)

                           – Or –
            *[If the creditor is a Credit Union and the debtor is represented by an attorney.]*

3.  I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:    X ~~Jeanette A. Hunter~~    Date: JUL 2 0 2009 _____
                  (Debtor)

           X _____
                  (Joint Debtor, if any)

In re    Jeanette Reynolds Santos                  Case No.    09-01454

                                   Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Widowed | RELATIONSHIP(S): None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Homemaker | |
| Name of Employer | Homemaker | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 0.00 | $ | N/A |
|     b. Insurance | $ | 0.00 | $ | N/A |
|     c. Union dues | $ | 0.00 | $ | N/A |
|     d. Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | |
| 11. Social security or government assistance (Specify):   Social Security | $ | 939.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 939.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 939.00 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 939.00 | |

                                       (Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In re    Jeanette Reynolds Santos                                      Case No.    09-01454
                        Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,828.00 |
| a. Are real estate taxes included?          Yes _X_          No ___ | | |
| b. Is property insurance included?          Yes _X_          No ___ | | |
| 2. Utilities:          a. Electricity and heating fuel | $ | 260.00 |
|               b. Water and sewer | $ | 75.00 |
|               c. Telephone | $ | 81.00 |
|               d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 25.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 20.00 |
| 6. Laundry and dry cleaning | $ | 30.00 |
| 7. Medical and dental expenses | $ | 60.00 |
| 8. Transportation (not including car payments) | $ | 80.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|               a. Homeowner's or renter's | $ | 0.00 |
|               b. Life | $ | 320.00 |
|               c. Health | $ | 124.00 |
|               d. Auto | $ | 69.00 |
|               e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|               (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|               a. Auto | $ | 0.00 |
|               b. Other _____ | $ | 0.00 |
|               c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other    See Detailed Expense Attachment | $ | 2,928.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 7,225.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | $ | 939.00 |
| b.   Average monthly expenses from Line 18 above | $ | 7,225.00 |
| c.   Monthly net income (a. minus b.) | $ | -6,286.00 |

In re  <u>Jeanette Reynolds Santos</u>                               Case No.  <u>09-01454</u>

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Expenditures:**

| | | |
|---|---|---:|
| Second Mortgage Payment | $ | 419.00 |
| First Mortgage on Rental | $ | 1,733.00 |
| Second Mortgage on Rental | $ | 521.00 |
| Meals Out | $ | 20.00 |
| Gifts/Parties/Birthdays/Funerals | $ | 30.00 |
| Drugs/Medication | $ | 50.00 |
| Health Aids/Vitamins | $ | 40.00 |
| Pet Care/Food | $ | 10.00 |
| Safety Tags/Registration/Inspection | $ | 5.00 |
| Household Supplies: Soap, etc. | $ | 100.00 |
| **Total Other Expenditures** | $ | 2,928.00 |

July 17, 2009

To whom it may concern,

I Jeanette R. Santos made a loan with Hawaii Federal Credit Union (HFS) on behalf of my daughter Sandra A. Ahlo. It was done when my credit was good. It was to purchase a car for her to go to work. She would be making payments of $471.32 per month. She has been making all of the payments since the purchase of the 2006 Suzuki Grand Vitara. There are 3 years of payments made and 3 more still to pay. Loan No. 7046-L50
I and my daughter on this loan and we wish to continue the agreement we made until it is paid for.
I, Sandra A. Ahlo have made all payments and will continue to pay the loan.

Sincerely yours,

Jeanette R. Santos
Sandra A. Ahlo